UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA RAMOS,

    Plaintiff,

v.                                                            Case No.:  2:19-cv-886-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

    Plaintiff Ana Ramos filed a Complaint on December 16, 2019.  (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 24).  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**      **Social Security Act Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 – 404.1511, 416.905 – 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.  Procedural History

Plaintiff filed a claim for a period of disability and disability insurance benefits on October 12, 2016, with an alleged onset date of October 1, 2016. (Tr. at 233-36).[1] Additionally, Plaintiff protectively filed an application for supplemental security income on October 12, 2016. (*Id*. at 15). Plaintiff's claim was denied at the initial level on February 2, 2017, and upon reconsideration on June 6, 2017. (*Id.* at 128, 180). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ William Reamon held that hearing on May 1, 2018. (*Id.* at 74-108). The ALJ issued an unfavorable decision on December 13, 2018. (*Id.* at 9). On October 8, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1). Plaintiff then filed her Complaint with this Court on December 6, 2019, and the parties

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations, however, do not apply in Plaintiff's case because Plaintiff filed her claim before March 27, 2017.

consented to proceed before a United States Magistrate Judge for all purposes. (Docs. 1, 14, 16).  The matter is, therefore, ripe for the Court's review.

**III.**     **Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021.  (Tr. at 18).  At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since October 1, 2016, the alleged onset date (20 [C.F.R. §§] 404.1571 *et seq.*, and 416.971 *et seq.*)."  (*Id.*).  At step two, the ALJ found that Plaintiff has the following severe impairments: "migraines and vision loss, right eye (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.*).  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of

3

the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R.] §§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.* at 19).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: cannot do work coming from the right side (e.g. assembly line or fast food setting); can do no work involving depth perception judgments as an elemental aspect of job; must avoid concentrated exposure to temperature extremes; avoid even moderate exposure to extremes of noise (e.g. stamping plant or foundry); anticipated to have less than 10 days absenteeism per year due to symptoms; avoid even mod[erate] exposure to fumes, odors, dusts, gasses, and poor ventilation; and have no exposure to hazards such as dangerous moving machinery or unprotected heights.

(*Id.*). The ALJ also determined Plaintiff "is capable of performing [her] past relevant work as a sales clerk [DOT # 290.477-014] and cashier II [DOT # 211.462-010]. This work does not require the performance of work-related activities precluded by the [Plaintiff's] residual functional capacity (20 [C.F.R. §§] 404.1565 and 416.965)." (*Id.* at 22).

For these reasons, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 1, 2016, through the date of th[e] decision (20 [C.F.R. §§] 404.1520(f) and 416.920(f))." (*Id.* at 23).

## IV. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.

4

1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings).

## V.   Analysis

On appeal, Plaintiff raises two issues.  As stated by the parties, the issues are:

1. Whether the ALJ Properly Considered the State Agency Physician's Opinion; and

2.     Whether the ALJ's Hypothetical Question to the Vocational Expert was Incomplete.

(Doc. 24 at 5, 12).  The Court addresses each issue separately below by first summarizing the parties' arguments, then reciting the applicable legal standards, before addressing the ALJ's opinion.

### A.     The ALJ properly considered Dr. Feldman's opinion.

Plaintiff first argues that the ALJ did not properly consider Dr. Feldman's opinion.  (*See* Doc. 24 at 5-8).

Plaintiff begins by summarizing the relevant portion of the ALJ's decision.  (*Id.* at 6-7).  Specifically, Plaintiff notes that although Plaintiff testified that she was unable to work due to her headaches, the ALJ found that Plaintiff's "complaints were not supported by evidence from her prior employer" because half of the days of work she missed occurred during the first two months of the year and "the others were scattered throughout the remaining seven months" before her dismissal.  (*Id.* at 6).  Plaintiff also notes that the ALJ found that although treatment notes in May 2016 documented her missing a week of work, the employment records document that Plaintiff missed only one day during that time.  (*Id.* (citing Tr. at 20)).  Plaintiff continues that the ALJ concluded that "assuming the subjective frequency of headaches reported by the claimant is correct, the objective record, including evidence from her last employer, does not demonstrate the severity of headaches to which she alleges," but the RFC "nevertheless accommodates headaches – though not to the degree endorsed – through environmental restrictions, particularly related

6

to noise and hazards, and to a lesser degree, temperatures and pulmonary irritants." (*Id.* at 6-7 (quoting Tr. at 21)).

Additionally, Plaintiff notes that the opinion gave great weight to Dr. Feldman's opinion, "which among other things, stated that the claimant needed to avoid even moderate exposure to noise." (*Id.* at 7 (citing Tr. at 21)). Plaintiff contends that Dr. Feldman imposed the limitation because "extremes of noise and many fumes, gases, and odors can trigger migraines." (*Id.* (citing Tr. at 141)). Finally, Plaintiff maintains that Dr. Feldman determined that Plaintiff "needed to avoid environments with bright lights and loud noises." (*Id.* (citing Tr. at 142)).

Against this backdrop, Plaintiff contends that despite giving great weight to Dr. Feldman, the ALJ found that Plaintiff "must avoid even moderate exposure to extremes of noise." (*Id.* (citing Tr. at 19)). Plaintiff maintains that the ALJ did not explain his decision to find a limitation different from the one imposed by Dr. Feldman. (*Id.*). Similarly, Plaintiff notes that the ALJ did not impose any limitation related to bright lights and again provided no explanation for his failure to include this limitation. (*Id.*).

Plaintiff maintains that both jobs of her past relevant work dealt with people and "talking and hearing is frequently present." (*Id.* at 7-8). Additionally, Plaintiff contends "the court can take judicial notice of commonly known facts such as the fact that cashiers and sales clerks generally work in businesses with bright fluorescent lighting overhead." (*Id.* at 8). Thus, Plaintiff appears to argue that in failing to

7

address Dr. Feldman's limitations fully and adequately, the ALJ's decision is not supported by substantial evidence. (*See id.*).

In response, Defendant contends that although the ALJ considers doctors' opinions in assessing the RFC, there is no requirement that an ALJ base his finding on a medical source's opinion. (*Id.* (citing *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 922-23 (11th Cir. 2007))). Rather, Defendant maintains that the ALJ must base the RFC on "all the relevant evidence in [Plaintiff's] case record." (*Id.* (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1))).

Against this backdrop, Defendant argues that "the ALJ properly weighed all of the evidence of record" and imposed limitations to account for the migraines. (*Id.* at 9 (citing Tr. at 19-22)). Defendant contends that substantial evidence supports the RFC because "the ALJ cited the largely normal physical and mental examination findings of Plaintiff's primary care physician and emergency room staff, who treated Plaintiff for migraines that she often reported were no more severe than her usual migraines." (*Id.* (citing Tr. at 691-93, 697-706, 727-30, 736-40, 749-50, 781-83, 800, 861-73, 881, 885, 889)). Additionally, Defendant notes that Plaintiff's "attendance records reflect . . . only three absences during the six months prior to her alleged disability onset." (*Id.* (citing Tr. at 96, 399)).

As to Dr. Feldman's opinion, Defendant argues that although the ALJ "considered and gave great weight" to the opinion, the "decision to afford great weight to Dr. Feldman's opinion did not obligate the ALJ to adopt verbatim every statement in Dr. Feldman's opinion." (*Id.* at 10). Rather, Defendant maintains that

8

"the ALJ considered Dr. Feldman's opinion as one piece of probative evidence in the record," but also found that the evidence did not support that Plaintiff's migraines were as frequent or as intense as Plaintiff alleged. (*Id.* (citing Tr. at 20-21, 27)).

Moreover, Defendant contends that the RFC "largely reflects the various environmental limitations Dr. Feldman indicated." (*Id.* (citing Tr. at 19)). Specifically, Defendant argues that Dr. Feldman "qualified his statement that Plaintiff needed to avoid moderate exposure to noise, by describing the noise as '[e]xtremes' and 'loud.'" (*Id.* at 11 (alteration in original) (citing Tr. at 141-42)). Additionally, Defendant maintains that Dr Feldman failed to define "bright" and that Plaintiff cited food, not lights, as the trigger for her migraine. (*Id.* (citing Tr. at 141-42, 700-01)). Defendant further argues that the ALJ, nonetheless, accounted for additional limitations "by allowing Plaintiff to miss work up to nine times a year due to her symptoms, consistent with her attendance records from her job as a drug store cashier." (*Id.* (citing Tr. at 96, 399)). Accordingly, Defendant contends that the ALJ's RFC is supported by substantial evidence. (*Id.*).

Nevertheless, Defendant maintains that even if the ALJ erred, any error is harmless such that remand is not warranted. (*Id.* (citing *Diorio v. Heckler*, 721 F.2d 726 (11th Cir. 1983); *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009))). Specifically, Defendant argues that "Plaintiff has not shown that the noise limitations Dr. Feldman endorsed, or his vague reference to 'bright' lights, are incompatible with her past relevant work." (*Id.* at 11-12). Additionally, Defendant maintains that if Plaintiff is found to be unable to perform her past relevant work, the vocational

9

expert testified that Plaintiff could perform other jobs available in significant numbers in the economy. (*Id.* at 12 n.2).

At the fourth step of the sequential evaluation process, the ALJ is required to determine a claimant's RFC and, based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and, along with the claimant's age, education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. at 1179 (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

On May 5, 2017, Dr. Warren Feldman, a State agency medical consultant, assessed Plaintiff and opined as to her limitations. (Tr. at 131-44). Dr. Feldman determined that Plaintiff had no exertional limitations. (*Id.* at 140). As to environmental limitations, however, Dr. Feldman found that based on her history of migraine headaches, Plaintiff should avoid concentrated exposure to extreme cold and extreme heat, avoid even moderate exposure to noise, fumes, odors, dusts, gases, poor ventilation, and hazards, such as machinery and heights, and "avoid environments with bright lights and loud noises." (*Id.* at 141-42). In elaborating on the limitations, Dr. Feldman noted that "[e]xtremes of noise and many fumes, gases, and odors can trigger migraines." (*Id.* at 141).

In his decision, the ALJ summarized Dr. Feldman's opinion, stating that Dr. Feldman opined that Plaintiff had no exertional limitations but that Plaintiff "had to avoid concentrated exposure to temperature extremes" and moderate exposure to noise, pulmonary irritants, such as fumes, odors and dusts, and hazards and that Plaintiff had limited field of vision in the right eye. (*Id.* at 21). The ALJ gave great weight to Dr. Feldman's opinion because the opinion was "based on the doctor's program knowledge of Social Security's disability assessment rules and criteria and is consistent with the medical evidence dated both before and after the date of the opinion." (*Id.*). Nevertheless, the final RFC reflected only some of Dr. Feldman's findings. (*See id.* at 19).

As an initial matter, the Court finds that the ALJ carefully considered Dr. Feldman's opinion and findings. The ALJ stated the weight he afforded Dr.

11

Feldman's opinion – *i.e.*, great weight – and the reasons therefor. (*Id.* at 21). Nevertheless, in giving the opinion great weight, the ALJ was not required to adopt every finding Dr. Feldman made. *See Wrenn v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 126285, *12 (M.D. Fla. Sept. 16, 2016).

Dr. Feldman based his finding of environmental limitations on Plaintiff's complaints of migraine headaches and prior medical history. Nevertheless, the ALJ found that since the alleged onset date, Plaintiff's complaints of the frequency and severity of the migraine headaches was not supported by the record. (Tr. at 20-21). Specifically, the ALJ noted that evidence from her former employer did not support Plaintiff's complaints, her physical examinations were normal, she worked for many years despite the headaches, and she presented normally to the emergency room. (*Id.*). Thus, while the ALJ imposed environmental limitations on Plaintiff's RFC, the ALJ specifically noted that the limitations were "not to the degree endorsed." (*Id.* at 21).

In light of the ALJ's statements, the Court finds that the ALJ did not err in limiting Plaintiff to "moderate exposure to extremes of noise." (*Id.* at 19). The ALJ declined to impose the restrictions to the degree endorsed because he determined the frequency and severity of the migraines were not as alleged. (*Id.* at 19, 21). Moreover, the ALJ's RFC is not inconsistent with Dr. Feldman's opinion. While Dr. Feldman imposed a limitation on Plaintiff to "avoid even moderate exposure to noise," his explanation for the limitation clarified that "[e]xtremes of noise . . . can trigger migraines" and that Plaintiff should avoid "loud noises." (*Id.* at 141-42).

12

Thus, the Court finds that the ALJ's decision to limit Plaintiff to "moderate exposure to extremes of noise," in light of his finding that the frequency and severity were not as alleged, is supported by substantial evidence. (*See id.* at 19, 21).

Additionally, the Court finds that the ALJ did not err in failing to mention or adopt the finding that Plaintiff must avoid bright lights. The Eleventh Circuit has noted that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing *Foote*, 67 F.3d at 1561). As noted above, despite finding that Dr. Feldman's opinion was entitled to great weight, the ALJ stated that he was not imposing all limitations endorsed. (*See* Tr. at 21). Inherent in the ALJ's decision is a finding that the medical evidence of record does not support an environmental limitation related to lights. Yet, despite his decision to only impose certain limitations because the migraines were not as frequent or severe as alleged, the ALJ, nonetheless, found that Plaintiff may miss up to nine days of work per year, which reflects a similar number of absences actually taken by Plaintiff during her last employment. (*Id.* at 19).

In sum, the ALJ determined Plaintiff's RFC from reviewing the entire record. Even though the ALJ afforded Dr. Feldman's opinion great weight, the ALJ was not required to adopt all of Dr. Feldman's limitations. Rather, the ALJ was required to consider all of the medical and other evidence of record in formulating Plaintiff's RFC, which included limitations on Plaintiff's exposure to noise and an allowance to miss nine days of work per year. The Court finds that the ALJ did not err in failing

13

to include all of Dr. Feldman's limitations in Plaintiff's RFC because the ALJ incorporated the findings to the degree that he concluded the limitations were supported by the medical evidence of record. (*See id.* at 19-21). The Court, therefore, finds that the decision of the ALJ was supported by substantial evidence.

**B.     The ALJ's hypothetical was complete.**

Plaintiff's second and final argument is that in the hypothetical presented to the vocational expert, the ALJ erred in failing to include the limitation to avoid bright lights and misdescribing the noise limitations. (Doc. 24 at 13). Plaintiff maintains that the ALJ failed to present a limitation with respect to bright lights in his hypothetical to the vocational expert. (*Id.*). Additionally, as to the noise limitation, Plaintiff contends that the ALJ included a limitation that Plaintiff "should be limited, noise wise, to noise levels like you'd find in a business[,] office[,] or department store, grocery store, or quieter. Nothing like a factory or stamping plant or foundry." (*Id.* (quoting Tr. at 103)).

In response, Defendant argues that "[i]n determining Plaintiff could perform her past relevant work, the ALJ relied on the testimony of a [vocational expert] in response to a hypothetical question that fairly set out all of Plaintiff's limitations." (*Id.* at 14 (citing Tr. at 22, 102-05)). Specifically, Defendant notes that the ALJ did not include a limitation relating to "bright lights" in Plaintiff's RFC and, therefore, the ALJ did not err in failing to include such a limitation in the hypothetical. (*Id.*). As to the noise limitation, Defendant maintains that the hypothetical presented to

the vocational expert was more restrictive than the RFC. (*Id.* at 15 (citing Tr. at 103)).

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a vocational expert to determine whether there are jobs that exist in the national economy that a claimant can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). However, an ALJ is "not required to include findings in the hypothetical that the ALJ has found to be unsupported." *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 903 (11th Cir. 2012) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004)).

The ALJ presented a hypothetical to the vocational expert that included a limitation "to noise levels like you'd find in a business[,] office[,] or department store, grocery store, or quieter. Nothing like a factory or stamping plant or a foundry." (Tr. at 103). Thus, the ALJ included limitations more restrictive than those found in Plaintiff's RFC when presenting the hypothetical to the vocational expert. (*Compare* Tr. at 103 *with* Tr. at 19). Even assuming *arguendo* that the ALJ

15

erred in not expressly stating that Plaintiff needed to avoid "moderate exposure to extremes of noise," any error would be harmless, and remand would not be warranted. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) and concluding that an error is harmless if a correct application of the regulations would not contradict the ALJ's ultimate findings). Specifically, because the vocational expert found that Plaintiff could perform her past relevant work under the more restrictive limitations presented by the ALJ at the hearing, the vocation expert would have likewise found that Plaintiff could perform her past relevant work under the less restrictive limitations in the ultimate RFC.

Furthermore, although the ALJ did not present a hypothetical that included a limitation related to bright lights, the ALJ was not required to include limitations that he found were not supported by the record. *See Forrester*, 455 F. App'x at 903. As discussed above, the Court finds no error with the ALJ's evaluation of the evidence of record. To the extent Plaintiff disagrees with the ALJ's interpretation of that evidence, that is not grounds for remand. *See Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014).

In sum, the Court finds that the ALJ did not err in failing to include a limitation relating to bright lights in the hypothetical to the vocational expert. Additionally, even assuming *arguendo* that the ALJ erred in not expressly stating that Plaintiff needed to avoid "moderate exposure to extremes of noise," any error would

be harmless, and remand would not be warranted. Therefore, the Court finds that the ALJ's decision was supported by substantial evidence.

## VI. Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 15, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties